Curia, per O’Neall, J.
The grounds of appeal have placed the defendants’s defence in such a way before the Court, that it is manifest the case of the plaintiffs, in the proof, was a great deal more looked to than the record. The charge of the Judge below shows that he and the attorneys concerned regarded the case in a twofold aspect, as first resting on the question of partnership, and then the fraud committed in the assignment. But it is plain, that in an action on the case, properly so called, a contract involving the question of dormant partnership, so as to make one ostensibly not a partner, liable, cannot be set up. Here the gravamen of this case, set out in the first count, is, that goods were bought by the defendants, partners in trade, on credit, and the fraud is alleged to be, in afterwards holding out that they were not partners, and assigning all the property by the one doing business to the other, alleged not to be a partner.— This count is really and truly no cause of action whatever. We suppose it was intended to cover such a case as is described in the 2d paragraph, on page 139, of brother Withers’s opinion, in the case of Gray v. Schroder, 2 Strobhart, and if it had made that case, then, indeed, the plaintiffs would-have had a case which could not be questioned. It is, however, remarkable, that the first ground of appeal does not even seem to question the sufficiency of the count, — it alleges merely that the proof does not come up to the allegations.
The second ground is equally untenable, taken by itself.— For it merely questions the sufficiency of the proof of the fraud, by singling out one specification, when that was only one of many circumstances pointing to the conclusion of fraud. The third ground, too, is a misconception of law.— The plaintiffs’s case is not based upon their contract, — it proceeds upon the fraud, and undertakes to show that, by its consummation, they have lost all possibility of collecting their debt. Whether it was due or not is, in this view, *78 wholly immaterial. But the fact is. that the great bulk of the debt was due before the writ issued. The 4th ground undertakes to allege in fact, that they were not partners.— This could not avail the defendants, if that really were a question in the case. For the proof is quite enough to satisfy us as it did the jury. The 6th ground will be next considered. I have no doubt the Judge’s decision was right.— It is true, on mere collateral questions, a party not in law regarded as in possession of a paper, is allowed to give secondary evidence of its existence and contents; but here the defendant either had or ought to have had the mortgage. If he could not produce it, it was his business to give such an . account of its loss or destruction, as would have let in the secondary proof. The fifth ground is the only one which can avail the defendants, and that only in part. The case laid is defective. The 1st count has already been shown to be a clear misconception. The 2d count is thought, by a majority of the Court, not to state a sufficient case. I confess, however, that after verdict, I should have been much disposed to sustain it. It is true, it is inartificially drawn ; yet the gravamen of the action, the intent to defraud the plaintiffs, in assigning the estate of the ostensible partner to the dormant partner, the collection of the choses in action, the sale of and removal of the goods, seem to me sufficiently to make out a case, helped as it is after verdict, by every in-tendment of the law. Yet, as a majority of the Court think that count states no case, and as there was a clear mistake in saying to the jury, in this action, “ if they believed that S. C. Schroder was a partner in the mercantitle business carried on in the name of his brother, they should find for the plaintiffs,” I agree to a new trial, with leave to the plaintiffs to amend. The motion for a new trial is, therefore, granted, with leave to the plaintiffs to amend their declaration by adding a count or counts which may cover the supposed fraud, and the evidence to be adduced.
The whole Court concurred.
Motion for a new trial granted,